13543

EX PARTE HOWELL

(167 S. E., 230)

*Mr. A. L. King,* for petitioner.

*Mr. John M. Daniel, Attorney General,* for the State.

December 28, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This matter came to the Court in its original jurisdiction on a petition for writ of *habeas corpus* on behalf of the petitioner, then in the custody of the superintendent of the penitentiary under sentence of death upon conviction of murder. It was heard Monday, December 12, instant, and, after due consideration, the petition for the writ was denied, and an order to that effect filed that day. The sentence of the Court has been executed, but it is proper that the grounds upon which the petition was denied be set out for record.

O. E. S. Howell was convicted of murder; on appeal, the judgment of the lower Court was reversed and the case remitted to the lower Court for a new trial. See 162 S. C., 394, 160 S. E., 742.

At the spring term, 1932, the defendant was again convicted of murder, and the sentence of death pronounced upon him. From this conviction and sentence no appeal was taken. The Governor granted a reprieve from the execution of the sentence until April 29, 1932. Before that date petitioner moved before Hon. W. H. Townsend, Circuit Judge, then presiding in the third Circuit at the Court in which petitioner was last tried and convicted, and who pronounced sentence upon him, for a new trial on after-discovered evidence. The motion was denied, and, from the order of denial, appeal was taken to this Court. This appeal was dismissed November 12, 1932 (see 167 S. C., 380, 166 S. E., 409), and in due time the remittitur was sent down. There-

upon the Clerk of the Supreme Court sent the superintendent of the penitentiary the notice required by the Act of the General Assembly of 1929, of the dismissal of the appeal.

December 6, 1932, a petition for writ of *habeas corpus* on behalf of the defendant was presented to the Chief Justice, who directed that it be presented to the whole Court which would be in session December 12, 1932. It was presented and earnestly argued, and · gravely considered, and denied.

Counsel for petitioner states in his brief that there are two questions presented by the petition for determination. (1) Is the Act under which the notice given by the Clerk of the Supreme Court to the superintendent of the penitentiary applicable to this case? (2) If it is so applicable, is it constitutional?

As to the first question, the argument is advanced that the Act under review applies only where one convicted of a capital offense appeals from the conviction and sentence and the judgment of the lower Court has been affirmed, or the appeal dismissed or abandoned, and that in this case there was no appeal from the judgment of the Court below, upon which sentence was imposed, but that the appeal was from the order of Judge Townsend refusing the motion for new trial on after-discovered evidence.

We think the objection is without merit. The effect of the dismissal of the appeal was to leave the sentence of death standing of force. The order of the Chief Justice suspending its execution pending the hearing of the appeal automatically ceased to be operative when the appeal was dismissed. It then became the duty of the Clerk of the Supreme Court to notify the superintendent of the penitentiary that the appeal, pending which the Chief Justice had suspended the execution of the sentence, had been dismissed. To say that the appeal was not from the sentence of death is hypercritical. The whole purpose of the appeal was to prevent the carrying out of the death sentence, its dismissal left the sentence

of force, and the effect of the notice was to apprise the officers charged with the execution of the sentence that the matter had been finally disposed of.

As to the question of the constitutionality of the Act: It is objected that the Act is obnoxious to the provisions of Article 3, § 17, of the Constitution of of 1895. That section is in these words: "Every Act or Resolution having the force of law shall relate to but one subject, and that shall be expressed in the title."

The title of the Act of February 19, 1929, is as follows: "An Act to Amend an Act Entitled 'An Act to Regulate the Execution of the Judgment and Sentence of the Court in Capital Cases,' Known as Act No. 68 of the Acts of 1923, so as to Include in said Act all Appeals Dismissed or Abandoned as Well as Affirmed." 36 St. at Large, p. 66.

The whole body of both Acts relates solely to carrying into effect the sentence of the lower Court, by giving notice that any appeal which stayed its execution had been affirmed, dismissed, or abandoned, and fixing the time for the execution of the sentence. A careful reading of the Act leads to the conclusion that the title and the body of the Act are in accord.

It is argued further that the Act in question is in conflict with Article 1, Section 5, of the Constitution of 1895, which provides that the privileges and immunities of citizens shall not be abridged, nor shall they be deprived of life, liberty, or property without due process of law, nor shall any person be deprived of the equal protection of the law.

The gravemen of the charge in this particular is that the Supreme Court was not in session until four days before the date fixed for the execution of the petitioner, and therefore petitioner was denied the right to make a motion or present a petition for stay of execution to any judicial tribunal from the date of filing the decision affirming the order of Judge Townsend refusing the motion for new trial until

the day of the assembling of the Supreme Court. The allegation of unconstitutionality is that some other person might not be placed in these exactly similar conditions.

We think the contention is without merit. It is not pointed out what motions or petitions, of merit, might have been presented by petitioner which he was denied the opportunity to present.

The petition further alleges that the Act in question violates the provisions of Article 5, Section 18, of the Constitution of 1895, which gives to the Courts of General Sessions jurisdiction in all criminal cases except those in which exclusive jurisdiction shall be given to inferior Courts.

The argument in support of the charge of unconstitutionality seems to proceed upon the theory that only a Court of General Sessions can pronounce a sentence, and that, when the Court of General Sessions refused the motion for a new trial, and the Supreme Court on appeal affirmed that order of denial, the Supreme Court should have sent the case back to the Court of General Sessions to impose a new sentence, and that the failure to do so deprived the Court of General Sessions of its constitutional powers, the defendant of his right to make other motions. We cannot concur in the view that any right of the defendant has been abridged, annulled, or denied. The judgment and sentence of the Court of General Sessions was not appealed from.

These observations and conclusions answer the contention that the Act attempts to destroy the constitutional rights of the Circuit Courts to stay the execution of orders enjoining executions in capital cases.

It is further contended that the Act in question violates Article 5, Section 25, of the Constitution of 1895, by attempting to limit and destroy the jurisdictional right of the individual Justices of the Supreme Court and the Judges of the Circuit Courts by depriving them of the right to issue, at chambers, writs of mandamus, *quo*

*warranto, certiorari,* etc. It is not attempted to be pointed out how this Act produces this result. We do not think it could be done.

It is further alleged that the Act in question is unconstitutional because it violates Article 1, Section 14, of the Constitution of 1895, because it imposes upon an executive officer of the State Court, to wit, the Clerk of the Supreme Court, duties of a judicial nature which are reserved exclusively to the judicial branch of the government. This relates to the notice which the Clerk of the Supreme Court is required to give of the affirmance, dismissal, or abandonment of an appeal. That duty is simply ministerial. The objection is without merit.

The last contention is that the prisoner was conveyed from the jail in Sumter to the penitentiary in Columbia in violation of law; that he should have been returned to the Sumter jail for resentence and then brought to the penitentiary for the purpose of carrying the sentence into effect. It is apparent from the record that the prisoner was brought from the jail of Sumter County to the penitentiary in Columbia in pursuance of a valid order of the Court of General Sessions for that county.

For the reasons above set forth, the petition for the issuing of a writ of *habeas corpus* was denied by the order heretofore filed.

Mr. Chief Justice Blease and Mr. Justice Carter and Circuit Judges C. J. Ramage and G. Dewey Oxner, Acting Associate Justices, concur.